**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| MATTHEW E. ELLIOTT, | : | Case No. 1:23-cv-780 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett<br>Magistrate Judge Karen L. Litkovitz |
| BOBBIE J. STEVENS, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), in Lucasville, Ohio, has filed this *pro se* action under 42 U.S.C. § 1983 against various Ohio Department of Rehabilitation and Correction (ODRC), Correctional Reception Center (CRC), SOCF, and Ohio Adult Parole Authority (APA) officials for alleged violations of his civil rights relating to disciplinary convictions that he received for conduct at CRC.[1] By separate Order, plaintiff has been allowed to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

[1]Plaintiff names as defendants CRC Corrections Officer Bobbie J. Stevens, SOCF RIB [Rules Infraction Board] Hearing Officer Sgt. Bryan Barney, ODRC Chief Legal Counsel Vencot Brown, SOCF Trooper Clinginpeel, CRC AA/PRC [Public Records Coordinator] Charlsie Edmonson, former SOCF Warden Ronald Erdos, SOCF Warden and former AA/PRC Larry Greene, CRC Inspector M. Hall, CRC Investigator Nate Harris, APA Hearing Officer Erin K. Hoston, CRC Trooper Lyons, SOCF Inspector Linnea Mahlman, SOCF Investigator Charles Miller, CRC Investigator Scott Thompson, and SOCF RIB Chairperson Captain James Whitman. (Doc. 1-4, at PageID 41-42).

## Screening of Complaint

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B. Plaintiff's Complaint**

Plaintiff alleges that he was accused of assaulting defendant Stevens on November 30, 2021, while at CRC. (Doc. 1-4, at PageID 43, 45). He alleges that he was moved to a detention cell and transferred the next morning on an "emergency rid[e] out" to SOCF, where he

was housed in isolation pending his disciplinary hearing. (*Id.*, at PageID 45). Plaintiff contends that he did not learn "what exactly [he] was being accused of" until December 14, 2021, when a conduct report finally issued. (*Id.*, at PageID 45-46). Plaintiff states that defendant Stevens charged him with violating Rules 12a, 14, 24e, and 25, "which . . . basically impl[ied] that [he] attempted to establish a relationship with her by exposing [himself] to her, as well as kidnapping her and sexually assaulting her." (*Id.*, at PageID 46). Plaintiff alleges that the charges were false and the investigation of the matter by defendant CRC and SOCF staff members Harris, Thompson, Hall, Lyons, Miller, Mahlman, and Clinginpeel was incomplete and violated ODRC policy. (*Id.*, at PageID 45-47).

According to plaintiff, he was found guilty of all charges following a disciplinary hearing before SOCF defendants Barney and Whitman on December 22, 2021. (Doc. 1-4, at PageID 47). Plaintiff alleges that the hearing violated due process because Barney and Whitman "ridiculed [him], put [him] down, belittled [him], and completely disrespected [him]," failed to inform him of his right to counsel, and denied him the right to call witnesses, confront defendant Stevens, or view the entirety of the DVR footage of the events underlying his hearing. (*Id.*). Plaintiff asserts that later attempts to obtain copies of the DVR footage were also improperly denied by defendant SOCF and CRC staff members Greene and Edmonson and that defendant SOCF and ODRC staff members Greene, Erdos, and Brown "upheld the lies and conspiracy against [him]" by improperly denying his appeals. (*Id.*, at PageID 47-48).

Plaintiff alleges that as a result of his disciplinary convictions he was classified as a "potential attacker," placed "under very restricted housing" that prevents him from being "around staff members, or any outside contractor for work or vocational related reasons," and

had "one full year [added] to [his] minimum prison sentence" by defendant APA staff member Hoston. (Doc. 1-4, at PageID 48). Plaintiff also alleges that he has been diagnosed with "severe depression and high anxiety" and takes "60 mg. [of medication] a day" to treat his symptoms. (*Id.*). Additionally, plaintiff alleges that his "potential attacker" designation will remain on his record after his release, making it difficult for him to obtain employment. (*Id.*).

Plaintiff seeks relief in the form of an order overturning his disciplinary convictions, removing his "potential attacker" designation and reinstating his prior security classification, dropping the one-year that was added to his sentence as a result of the disciplinary convictions, and awarding damages. (Doc. 1-4, at PageID 44, 49).

**C. Analysis**

Liberally construing the above allegations, *see Erickson*, 551 U.S. at 94, the Court understands plaintiff to bring claims against the defendants under (1) the Eighth Amendment for his placement in isolation prior to his disciplinary hearing and the allegedly restrictive conditions of his confinement following his disciplinary convictions, and (2) the Fourteenth Amendment for the alleged violation of prison policy, the allegedly false disciplinary charges, conspiring to violate his rights through allegedly improper disciplinary proceedings, his classification as a "potential attacker," and his allegedly restrictive housing assignment following his disciplinary convictions. For the reasons below, the complaint is subject to dismissal in its entirety.

**Due Process Claims**

The Court will address the above two groups of claims in reverse order. As an initial matter, plaintiff fails to state a claim upon which relief can be granted to the extent that he bases

his due process claims on violations of prison policy. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("claims related to violations of prison policies do not state a constitutional violation"). These claims should therefore be dismissed with prejudice.

The remainder of plaintiff's due process claims, however, are related to his disciplinary charges, his disciplinary hearing, his disciplinary convictions, and the effects of his disciplinary convictions. These remaining due process claims are barred under *Heck v. Humphry*, 512 U.S. 477 (1994), and should be dismissed without prejudice. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (directing district court to dismiss claims that are barred by *Heck* without prejudice).

In *Heck*, the Supreme Court held that a civil action under § 1983 cannot proceed if the action serves to undermine a criminal conviction not reversed on appeal or vacated by expungement or by writ of habeas corpus. *Heck*, 512 U.S. at 486-87. In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court extended the rule from *Heck* to prison disciplinary convictions that affect the fact or duration of confinement. The *Edwards* Court made clear that *Heck's* "favorable termination rule" applies to challenges made under § 1983 to both the procedures used in disciplinary proceedings and to the results of such proceedings that deprive prisoners of good time credits. *See id.* at 648. The Court reasoned that if the prisoner succeeded the length of his sentence would be affected making a habeas corpus petition the proper remedy for the prisoner's grievances. *Id.* *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (finding that *Heck* and *Edwards* bar applies regardless of the relief sought).

Because plaintiff alleges that his challenged disciplinary convictions resulted in the

lengthening of his minimum term of imprisonment (Doc. 1-4, at PageID 48), plaintiff cannot challenge the procedures used in the disciplinary proceedings or the results of such proceedings under § 1983 in the absence of a showing that his disciplinary convictions have been reversed on appeal or vacated by expungement or by writ of habeas corpus, which he has not made. *See Edwards,* 520 U.S. at 648. Accordingly, with the exception of plaintiff's allegations of prison-policy violations, which for the above reasons should be dismissed with prejudice for failure to state a claim upon which relief can be granted, plaintiff's due process claims are subject to dismissal without prejudice under *Heck*. *See, e.g., Rodgers v. Hyatte*, No. 3:21-CV-417, 2021 WL 3167478, at *1 (N.D. Ind. July 26, 2021) (*Heck* barred claims "that the charges against [the plaintiff] were 'false,' or that his due process rights were violated in the disciplinary proceeding"); *Cheek v. United States*, No. 4:19-CV-737, 2020 WL 6162045, at *5 (N.D. Tex. Oct. 21, 2020) (*Heck* barred claims challenging "validity of the actions of the officials involved with the investigation, charge, and disciplinary proceeding"); *Brown v. Cline*, 319 F. App'x 704, 705 (10th Cir. 2009) ("Plaintiff's claims that the disciplinary reports against him were false and retaliatory and that the disciplinary hearing was conducted improperly are claims that necessarily implicate the validity of the disciplinary charges and the sanctions imposed, including the loss of good-time credits."); *Dible v. Scholl*, 410 F. Supp. 2d 807, 826 (N.D. Iowa 2006) (plaintiff's claim "that the disciplinary notice he received was 'too vague' and ultimately prevented him from preparing a meaningful defense to the charge" was barred by *Heck*); *Broussard v. Johnson*, 918 F. Supp. 1040, 1043 (E.D. Tex. 1996) (finding the plaintiff's claim of inadequate notice of disciplinary charges to sound in habeas corpus as opposed to § 1983). *Cf. Boles v. Triggs*, No. 4:18CV00225, 2018 WL 4016981, at *2 (E.D.

Ark. July 11, 2018), *report and recommendation adopted*, No. 4:18CV00225, 2018 WL 4008976 (E.D. Ark. Aug. 22, 2018) (plaintiff's claim that "Defendants conspired to incarcerate him and violate his due process rights are *Heck*-barred.").[2]

**Eighth Amendment Claims**

Plaintiff's Eighth Amendment claims are likewise subject to dismissal.[3] The Sixth Circuit has explained,

> To establish a violation of the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). A viable Eighth Amendment claim has an objective and subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires that the pain be serious, *see Hudson v. McMillian,* 503 U.S. 1, 8-9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *Wilson v. Seiter,* 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

*Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998).

To the extent that plaintiff alleges that he was placed in solitary confinement upon arriving at SOCF on December 1, 2021, until the time of his disciplinary hearing on December 22, 2021, his allegations fail to state a claim for relief under the Eighth Amendment. "Because

[2]In any event, it is doubtful that plaintiff has stated a plausible due process claim to the extent that he alleges that he has been improperly classified as a "potential attacker" or is being subjected to restricted housing conditions following his disciplinary convictions. "[A] prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Watkins v. Curtin,* No. l:05–cv–267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). *See also Washington v. Weist,* No. 97–1289, 1998 WL 466555, at *2 (6th Cir. July 31, 1998) (denying the plaintiff's due process claim "because he has no liberty interest in any particular security classification, including a classification free of the label of . . . predator"). Further, the only restrictive conditions that plaintiff complains about appear to concern his eligibility to work with certain persons at SOCF. However, a prisoner has no constitutional right to prison employment or a particular prison job. *See Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir. 1989).

[3]A "[p]laintiff's Eighth Amendment claim, to the extent it relies on a change in conditions of confinement arising from the disciplinary action rather than a challenge to the disciplinary action itself, is likely not barred by *Heck*." *Scally v. Flores*, No. 22CV0182, 2022 WL 959791, at *5 (S.D. Cal. Mar. 30, 2022) (citing *Muhammad v. Close*, 540 U.S. 749, 750 2004)).

placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)). Accordingly, "[t]he mere fact that [plaintiff] was placed in detention, with nothing more, is insufficient to state an Eighth Amendment claim." *Murray*, 84 F. App'x at 556. Plaintiff has not alleged any injury beyond placement in solitary confinement for less than three weeks or that his detention was more severe than the typical conditions of segregation. Therefore, his Eighth Amendment claim relating to his placement in isolation should be dismissed.

To the extent that plaintiff challenges the conditions of his confinement following his disciplinary convictions, he similarly fails to allege "the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim." *Dean*, 1998 WL 466137, at *2 (citing *Wilson,* 501 U.S. at 298; *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). *See also Hickey v. Stump*, No. 1:22-CV-865, 2022 WL 12338486, at *12 (W.D. Mich. Oct. 21, 2022) (loss of privileges during the plaintiff's eleven-month placement in segregation did not violate the Eighth Amendment); *Scally v. Flores*, No. 22CV0182, 2022 WL 959791, at *4 (S.D. Cal. Mar. 30, 2022) ("In order to plausibly allege an Eighth Amendment deliberate indifference claim, Plaintiff must allege facts which show he was placed at risk of 'objectively, sufficiently serious' harm by a prison official Defendant who knew of and deliberately disregard that risk.") (citing *Farmer*, 511 U.S. at 834).

In so finding, the Court does not discount plaintiff's allegations that he suffers from depression and anxiety following his disciplinary convictions. But even assuming, *arguendo*,

that plaintiff's alleged depression and anxiety are sufficiently serious to meet the objective component of an Eighth Amendment claim, plaintiff has failed to establish the subjective component of an Eighth Amendment claim. Plaintiff's allegations show that he is being treated for his alleged depression and anxiety at SOCF. *See, e.g., Jones v. Mays*, No. 3:21-CV-00666, 2022 WL 3651964, at *5 (M.D. Tenn. Aug. 24, 2022) ("However, the plaintiff does not . . . allege that he has been denied psychological care by any of the named defendants, or, indeed, by anyone at the facility. The plaintiff, therefore, fails to satisfy the subjective component of a psychological-needs claim.").

Accordingly, in sum, plaintiff's Fourteenth Amendment due process claims based on alleged violations of prison policy and plaintiff's Eighth Amendment claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, and plaintiff's remaining Fourteenth Amendment claims relating to his disciplinary charges, his disciplinary hearing, his disciplinary convictions, and the effects of his disciplinary convictions should be **DISMISSED** as *Heck*-barred **WITHOUT PREJUDICE** to refiling should plaintiff show that his disciplinary convictions have been overturned. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Fourteenth Amendment due process claims based on alleged violations of prison policy and plaintiff's Eighth Amendment claims should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's remaining Fourteenth Amendment claims relating to his disciplinary charges, his disciplinary hearing, his disciplinary convictions, and the effects of his disciplinary convictions should be **DISMISSED** as *Heck*-barred **WITHOUT PREJUDICE** to refiling should plaintiff show that his disciplinary convictions have been overturned. *See Sampson*, 917 F.3d at 882.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

January 2, 2024

Karen L. Litkovitz
KAREN L. LITKOVITZ
United States Magistrate Judge